IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jose Quinones-Figueroa, #57737-004 ) | C/A No. 8:14-1816-TLW-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| United States of America; United States Justice ) | |
| Department, *Federal Bureau of Prisons*; FCI ) | |
| Williamsburg; DHO Officer, *Name Unknown*; K. ) | |
| Sellers, *Correctional Officer*; SIS Officer, *Name* ) | |
| *Unknown*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Jose Quinones-Figueroa ("Plaintiff"), proceeding pro se, brings this civil action alleging violations of his constitutional rights. Plaintiff is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. He files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

Background

Plaintiff alleges he is a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"), and he was formerly incarcerated at FCI-Williamsburg in Salters, South Carolina. [Doc. 1 at 1.] He alleges he is serving a 365-month sentence imposed by the United States District Court in Tampa, Florida. [*Id.*] Plaintiff specifically alleges the following facts related to this action. An incident occurred at FCI-Williamsburg on May 31, 2012, when illegal narcotics were found in a cell occupied by Plaintiff and Victor Figueroa Irizarry inside of a bottle in an inmate locker. [*Id.* at 2.] The place where the narcotics were found was not in a common area and some type of tool was required to access them; Plaintiff did not have such a tool. [*Id.*] Irizarry made a written statement on June 13, 2012,

admitting ownership of the narcotics and stating that neither of his cell mates had knowledge of them. [*Id.*] After the narcotics were found, Plaintiff was taken to the Special Housing Unit ("SHU") during the investigation, and on July 3, 2012, he was brought before the DHO to have charges explained to him and present his defense. [*Id.*] He was unjustly convicted of the disciplinary charge of possession of narcotics, but he had no knowledge of them. [*Id.*; Doc. 1-2 at 2–4.] His conviction occurred without proper evidence or witnesses being presented to link him to the charge, and he was not given the opportunity to review the evidence that would be presented. [Doc. 1 at 3–4.] The disciplinary conviction violated his right to due process, specifically his right to confront and cross examine adverse witnesses or to call his own witnesses. [*Id.*] He was sentenced to 30 days in disciplinary segregation, spent 33 days in the SHU, and lost visitation and telephone for six months. [*Id.* at 1–2.]

Plaintiff seeks damages, and he requests 30 days good time credit to be restored and for the disciplinary conviction to be reversed and expunged. [*Id.* at 4.] He alleges he exhausted administrative remedies through the BOP process. [*Id.*] Further, he alleges he is in the process of exhausting a Federal Tort Claims Act ("FTCA") claim, and, after exhaustion is completed, he will incorporate his FTCA claim into this action. [*Id.*]

<u>Standard of Review</u>

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the

District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

3

cognizable in a federal district court. See *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

Although Plaintiff seeks to bring a claim for damages pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 389 (1971), the claim is premature because Plaintiff does not allege that his disciplinary conviction of possession of narcotics has been invalidated. Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), an inmate's claim for relief that necessarily implies the invalidity of the disciplinary conviction and punishment is not cognizable pursuant to § 1983 where the disciplinary conviction has not been invalidated. See *Edwards*, 520 U.S. at 648-49; *Frierson v. RC Turner, DHO*, C/A No. 5:13-966-MGL, 2013 WL 6193158, at *1 (D.S.C. Nov. 26, 2013) (§ 1983 claim for damages was not cognizable because Plaintiff had not shown that the institutional conviction had been invalidated); *Bryan v. SCDC*, C/A No. 3:08-846-RBH-JRM, 2009 WL 3166632, at *5 (D.S.C. Sept. 29, 2009) (noting that a plaintiff cannot maintain a § 1983 action for injunctive relief related to a disciplinary hearing where a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding). Therefore, Plaintiff cannot bring this *Bivens* action at this time because it is barred by the holdings in *Heck* and *Edwards*.

To the extent Plaintiff brings this civil § 1983 action seeking to vacate his disciplinary conviction and restore good time credits in order to shorten the length of his imprisonment, such relief is not available. See *Heck*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his

4

confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *cf. Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

Additionally, after he has fully exhausted his administrative remedies, a federal prisoner may bring a habeas action pursuant to 28 U.S.C. § 2241 seeking to vacate a disciplinary conviction or shorten the length of his confinement; a § 2241 petition generally challenges the execution or implementation of a federal prisoner's sentence, such as "parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers." *Manigault v. Lamanna*, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006); *see also United States v. Little*, 392 F.3d 671, 678-79 (4th Cir. 2004). Even if Plaintiff intends for this action in part to be a habeas action pursuant to 28 U.S.C. § 2241, the action should be dismissed because Plaintiff filed it in the wrong court. Plaintiff is currently in custody in Yazoo City, Mississippi, and his custodian is a warden in Mississippi. Thus, he must file a § 2241 habeas action in that district naming his warden as the respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

## Recommendation

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25

(1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **Plaintiff's attention is directed to the important notice on the next page.**

                                                                  s/ Jacquelyn D. Austin
                                                                  United States Magistrate Judge

June 23, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984).